IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

YVETTE LEE o/b/o
JESSICA LEE                                                                                    PLAINTIFF

v.                           Civil No. 06-1056

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                        DEFENDANT

## MEMORANDUM AND ORDER

On June 1, 2006, the plaintiff herein filed her Complaint pursuant to *42 U.S.C. § 405(g),* seeking judicial review of the denial of her applications for social security benefits (Doc. #1). Before filing her Answer, the Commissioner of the Social Security Administration (hereinafter "Commissioner"), filed the Defendant's Motion to Remand this matter for further administrative action pursuant to sentence six, *42 U.S.C. § 405(g),* dated August 2, 2006 (Doc. #6). The plaintiff has not yet filed a Response to the instant motion. By Order entered on June 29, 2006, this matter was referred to the undersigned for the conduct of further proceedings and the entry of judgment, in accordance with the consent of the parties (Doc. #5).

The Commissioner seeks voluntary remand of this case because the audiotape of the plaintiff's administrative hearing held on November 1, 2005, is partially or totally blank (Doc. #5, p. 2).

Sentence six of *§ 205(g)* of the Social Security Act, *42 U.S.C. § 405(g),* states in its relevant part:

> The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner...

See *Melkonyan v. Sullivan, 501 U.S. 89, 101 n. 2 (1991); Shalala v. Schaefer, 113 S.Ct. 2625, 2629 n. 2 (1993)*.

> ...[S]uch a situation is an example of what could be considered 'good cause' for remand. Where, for example, **the tape recording of the claimant's oral hearing is lost or inaudible or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete**, good cause would exist to remand the claim to the Commissioner for appropriate action to produce a record.

*H.R.Rep.No. 96-944, 96th Cong., 2d Sess. 59 (1980).* (emphasis added)

The undersigned finds that good cause clearly exists. Thus, it is found that the defendant's motion has merit and should be granted, and this matter should be remanded, pursuant to sentence six, *42 U.S.C. § 405(g)* (Doc. #5). Accordingly, it is hereby considered, ordered and adjudged that this matter be remanded to the Commissioner of the Social Security Administration. **Further, as set forth in her motion, it is noted that upon receipt of this Order, the Appeals Council will remand this case to an Administrative Law Judge for a de novo hearing within 90 days from said date.**

IT IS SO ORDERED this 21st day of August, 2006.

/s/ Bobby E. Shepherd
HONORABLE BOBBY E. SHEPHERD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)